UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **VINCENT E. PRUNTY** | ) | |
| | ) | |
| v. | ) | No. 2:21 CV 229 |
| | ) | (arising from No. 2:17 CR 37) |
| **UNITED STATES OF AMERICA** | ) | |

**OPINION and ORDER**

Vincent Prunty has filed a motion (DE # 246)[1] challenging his sentence pursuant to 28 U.S.C. § 2255. For the reasons identified below, Prunty's motion is denied.

**I.   BACKGROUND**

In March 2017, Prunty was indicted on numerous charges of wire fraud, mail fraud, and aggravated identity theft, in violation of 18 U.S.C. §§ 1343, 1341, 1028A and 2. (DE # 1.) In June 2018, Prunty entered into a plea agreement whereby he agreed to plead guilty to Count 17 (wire fraud), Count 23 (mail fraud), and Count 27 (aggravated identity theft). (DE # 66.) In his agreement, Prunty agreed to waive his right to appeal or contest his conviction and all components of his sentence or the manner in which his conviction or sentence was determined or imposed, to any court, on any ground, other than a claim of ineffective assistance of counsel, including his right to file a direct appeal or a petition to vacate pursuant to § 2255. (*Id.* at 7.)

In August 2019, this court sentenced Prunty to a total term of imprisonment of 154 months, to be followed by a two-year term of supervised release. (DE # 115.) He

---

[1] The briefing on this motion occurred in Prunty's criminal case, and therefore the docket entries identified in this Opinion and Order reference filings made in his criminal case, 2:17 CR 37.

was also ordered to pay a special assessment, restitution, and to forfeit property. (*Id.*)

Prunty filed an appeal. (DE # 116.) The Seventh Circuit dismissed his appeal as frivolous, given the appeal waiver in his plea agreement. (*See* DE # 205-1.)

Prunty subsequently filed the present motion to vacate. (DE # 246.) Prunty argues that this court improperly imposed two, two-level enhancements under United States Sentencing Guideline § 2B1.1(b)(10)(A) and (C), instead of one, two-level enhancement under this guideline. (DE # 246-1 at 1.) This matter is fully briefed and is ripe for ruling.

II.   **LEGAL STANDARD**

A § 2255 motion allows a person in federal custody to attack his or her sentence on constitutional grounds, because it is otherwise illegal, or because the court that imposed it was without jurisdiction. Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

III.   **DISCUSSION**

As a preliminary matter, this court must address the application of Prunty's appeal waiver. In his plea agreement, Prunty explicitly agreed to waive his right to challenge any aspect of his conviction or sentence, including a challenge pursuant to 28 U.S.C. § 2255, except for a claim of ineffective assistance of counsel. In his motion to vacate, Prunty did not allege ineffective assistance of counsel. (DE # 246.) However, in his reply brief, he argues that he mistakenly believed that all motions to vacate

2

inherently present an ineffective assistance of counsel claim, and that his motion inherently challenges the effectiveness of his counsel. (DE # 267 at 2.)

Liberally construing Prunty's *pro se* motion, the court will accept and consider Prunty's claim that his counsel provided ineffective assistance by failing to object to duplicative enhancements under § 2B1.1(b)(10)(A) and (C), instead of a single two-level enhancement under this provision. (*Id.* at 5.)

Prunty's claim is quickly disposed of, as this court did not apply a four-level enhancement pursuant to § 2B1.1(b)(10)(A) and (C), only a two-level enhancement. (*See e.g.* DE # 98 at 10; DE # 137 at 15-16.) His counsel objected to the two-level enhancement, but that objection was overruled. (DE # 137 at 16.) It appears that in his own calculations, Prunty omitted the two-level enhancement for an offense involving 10 or more victims, pursuant to § 2B1.1(b)(2)(A)(i), which is why he mistakenly believes his guideline range was miscalculated. (*See* DE # 98; DE # 267 at 11.)

Pursuant to § 2255 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. A court should issue such a certificate only if the movant has made a substantial showing of the denial of a constitutional right, that is, that reasonable jurists would find debatable whether the district court correctly resolved the issues or would conclude that those issues deserve further proceedings. 28 U.S.C. § 2255; 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). The court finds that the conditions for the issuance of a certificate of appealability are not present in this case. Therefore, no certificate will issue.

IV.     **CONCLUSION**

Accordingly, defendant's motion to vacate (DE # 246) is **DENIED**. The court **DENIES** defendant a certificate of appealability. Defendant's motion to proceed with filing an out of time motion to vacate (DE # 240) is **DENIED as moot**. The court **DIRECTS** the Clerk to **ENTER FINAL JUDGMENT** dismissing the collateral civil proceeding (2:21 CV 229) with prejudice.

               **SO ORDERED.**

Date: September 14, 2023    s/James T. Moody
                  JUDGE JAMES T. MOODY
                  UNITED STATES DISTRICT COURT